**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| **AMANDA LUKE AND BLAKE LUKE**<br><br>Plaintiffs,<br><br>– Versus –<br><br>**ALLSTATE INSURANCE COMPANY**<br><br>Defendant | CIVIL ACTION NO:<br><br>JUDGE:<br><br>MAG. JUDGE:<br><br>**JURY DEMAND** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **AMANDA LUKE AND BLAKE LUKE** (collectively, "*Complainants*"), who file this Original Complaint and allege the following upon information and belief:

## PARTIES

1.

Complainants, **AMANDA LUKE AND BLAKE LUKE**, are citizens of the United States and persons of the full age of majority domiciled in the Parish of Terrebonne, State of Louisiana.

2.

At all relevant times, Complainants owned the immovable property located at 403 Westview Drive, Houma, Louisiana 70364 (the "*Property*"), which was insured against flood damages by Defendant, **ALLSTATE INSURANCE COMPANY** ("*Allstate*").

3.

Allstate is a private insurance company incorporated and domiciled under the laws of the State of Illinois with its principal place of business at 3075 Sanders Road, Suite G4e, Northbrook, Illinois 60062.

4.

Allstate is authorized to do business in Louisiana and has designated the Louisiana Secretary of State, located at 8585 Archives Avenue, Baton Rouge, LA 70809, as its agent for service of process.

5.

Allstate is a "Write Your Own" ("*WYO*") carrier participating in the National Flood Insurance Program ("*NFIP*") pursuant to the National Flood Insurance Act ("*NFIA*"), 42 U.S.C. § 4001, et seq., as amended.  Allstate issued a Standard Flood Insurance Policy under policy number 5800105441 (the "*Policy*") to Complainants in its own name as a fiscal agent of the United States. Pursuant to 42 U.S.C. §§ 4071 and 4081 and 44 C.F.R. § 62.23, Allstate was and is responsible for the claims handling, adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION AND VENUE

6.

This action arises under the NFIA, Federal regulations and common law, and the Policy that Allstate procured for and issued to Complainants in its capacity as a WYO carrier under NFIA. The Policy covered losses to Complainants' Property located in this judicial district.

7.

Federal Courts have exclusive jurisdiction pursuant to 42. U.S.C. § 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

8.

This court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. §

2

4072 because the insured property is located in this judicial district.

9.

This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

10.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Complainants' Property is located and where a substantial part of the events at issue took place.

**FACTUAL BACKGROUND**

11.

Complainants purchased a Standard Flood Insurance Policy ("*SFIP*") from Allstate to insure the Property and the contents therein against physical damage by or from flood. The Policy was in full force and effect on the date of Hurricane Francine and paid all premiums when due.

12.

On or about September 11, 2024, Hurricane Francine made landfall in Southeast Louisiana as a Category 2 Hurricane, battering coastal and inland properties with punishing rains and wind, which lead to flooding in certain areas in the region, including Houma, Louisiana.

13.

Upon information and belief, the floodwaters from Hurricane Francine inundated Complainants' Property, causing extensive damages to the exterior and walls, exterior doors, flooring, and moldings of the dwelling on Complainants' Property.

14.

Complainants' Property sustained significant losses by and from flood as the result of Hurricane Francine. Complainants have incurred and will incur significant expenses to repair and replace the flood damages on their property.

15.

Once Complainants discovered the Property had been damaged by flood waters, Complainants filed a claim with Allstate, which assigned it claim number 0769575621 (the "*Claim*"). Complainants cooperated fully with the claim investigation and properly submitted all documents required. After a cursory inspection, the adjuster returned an estimate insufficient in scope and price to cover the full and adequate cost of covered repairs. Many individual items were omitted or underpaid, and discrepancies on pricing of labor and materials still exist.

## CAUSE OF ACTION: BREACH OF CONTRACT

16.

Complainants repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

17.

Complainants and Allstate entered into a contract when Complainants purchased and Allstate issued the Policy. The Policy, at all times relevant and material to this case, provided insurance coverage to Complainants for, among other things, physical damage to the Property caused by flood. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

18.

Complainants maintained the Policy on which Complainants paid premiums and were in good standing at the time the insured property sustained a flood loss in September 2024.

19.

Complainants duly performed and fully complied with all the conditions of the Policy and conditions precedent to filing this Complaint, including appropriate and adequate demands, or Allstate waived or excused such conditions precedent. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I; *and see Gowland v. Aetna Insurance Co.,* 143 F.3d 951, 954 (5th Cir. 1998). Complainants strictly complied with the proof of loss requirements required for payment on an SFIP claim, and submitted it to Allstate within the deadline. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VIII(J)(4). Complainants' Complaint is ripe and timely filed because it is within one year of the date that Allstate denied all or part of Complainants' claim. 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VII(M),(R); 42 U.S.C. § 4072; *Altman v. Napolitano*, 2013 WL 788452* (S.D. Tex. Mar 1. 2013); *Qader v. FEMA*, 543 F.Supp.2d 558, 561-62 (E.D. LA 2008).

20.

Complainants have complied with all obligations owed under the Policy.

21.

Allstate, however, has breached its contractual obligation under the Policy by wrongfully denying or unfairly limiting payment on the Complainants' claim.

22.

Allstate's improper denial has harmed Complainants by denying the money to which Complainants are entitled under the terms of the Policy.

23.

By virtue of its various breaches of contract, including its failure to fully reimburse Complainants for the covered losses, Allstate is liable to and owes Complainants for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated

with recovering, repairing and/or replacing the covered property, together with all other attorneys, fees, expenses, costs, and damages Complainants may prove as allowed by law.

WHEREFORE, Complainants, **AMANDA LUKE AND BLAKE LUKE**, pray that Defendant **ALLSTATE INSURANCE COMPANY**, be served with a copy of this Complaint and be duly cited to appear and answer the same, and that after due proceedings are had there be judgment in favor of Complainant, **AMANDA LUKE AND BLAKE LUKE**, and against Defendant, **ALLSTATE INSURANCE COMPANY**, for such amounts as Complainants may prove at trial, including actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other attorneys, fees, expenses, costs, damages Complainants may prove as allowed by law, and all other legal or equitable relief this Court may deem lawful, proper, and just.

Respectfully submitted,

*/s/  Sye J. Broussard*
**SYE J. BROUSSARD (Bar #33035), T.A.**
**JACKIE DOVE BROUSSARD (Bar # 33539)**
**VICTOR M. DANTIN (Bar # 35462)**
BROUSSARD & DOVE, APLC
7605 Park Avenue | Houma, Louisiana 70364
T: 985.868.4800 | F: 985.868.4899
E:  Sye@BroussardDoveLaw.com
      Jackie@BroussardDoveLaw.com
      Vic@BroussardDoveLaw.com
*Attorneys for Complainants*